IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Slawson Exploration Company, Inc. ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Sonya Germann in her official capacity as ) <br> State Director for the Bureau of Land ) <br> Management Montana/Dakotas State Office,) <br> Loren Wickstrom in his official capacity as ) <br> Field Manager for the Bureau of Land ) <br> Management North Dakota Field Office, ) <br> United States Bureau of Land Management, ) <br> United States Department of the Interior, ) <br> ) <br> Defendants. ) | **ORDER DENYING MOTION FOR LEAVE TO FILE UNDER SEAL** <br><br> Case No. 1:23-cv-141 |

Before the Court is a motion for leave to file the administrative record in this matter under seal filed on February 23, 2024, by Slawson Exploration Company, Inc. ("Slawson"). See Doc. No. 15. Slawson filed this action for review of agency action on July 28, 2023. See Doc. No. 1. Slawson seeks review of the Bureau of Land Management's ("BLM") determination that natural gas flared from a Slawson well between September 2014 and December 2016 was avoidably lost and thus is royalty bearing. Slawson seeks permission to file the 600+ pages of the administrative record of the BLM proceedings under seal and with only a heavily redacted version available to the public. Slawson represents the motion is unopposed. For the reasons set forth below, the motion is denied.

It is well-established that there is a common-law presumption of public access to judicial records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "The presumption is based on the need for the federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." United States v. Gray, 59 F.4th 329, 333 (8th Cir.

2023). This right of access is not absolute, but requires a weighing of competing interests. The decision to file a document under seal is a matter left to the sound discretion of the trial court. See Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376 (8th Cir. 1990). A party seeking to seal a judicial record must demonstrate a compelling interest which overrides the qualified First Amendment right of public access enjoyed by the public and press. United States v. McDougal, 103 F.3d 651, 658 (8th Cir. 1996). A court deciding to seal a document must explain why sealing was necessary and why less restrictive alternatives were not appropriate. See In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); In re Sealed Documents, Standing Order (D.N.D. Sept. 30, 2011).

Generally, a qualified right of access attaches to dispositive documents and materials filed in conjunction with dispositive motions. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002) ("[D]ispositive documents in any litigation enter the public record notwithstanding any earlier agreement. How else are observers to know what the suit is about or assess the judges' disposition of it?"); Webster Groves, 898 F.2d at 1376 ("Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.").

The Eighth Circuit has stated that "only the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that

reason." Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enter. Co. v. Super. Ct. of Cal., 464 U.S. 501, 509-11 (1984)). Therefore, the party seeking sealing must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Baxter, 297 F.3d at 548.

The Court first notes that the eight document groups Slawson seeks to file under seal (Doc. Nos. 15-1 through 15-8) do not correspond with the nine groupings of Bates numbers listed in Slawson's brief. See Doc. No. 16, pp. 5-6. The result is the Court has been left to sift through over six hundred pages of exhibits in order to decide what, if anything, needs to be sealed. This burden belongs to the moving party, not the Court. See Crossley v. Georgia-Pac. Corp., 355 F.3d 1112, 1114 (8th Cir. 2004) (judges are not like pigs, hunting for truffles buried in the record). In addition, this case is an appeal from the decision of an executive branch administrative agency. Slawson does not address or explain if the documents it seeks to seal were sealed at the administrative level by the BLM. Silence speaks volumes. Slawson does not contend the documents it seeks to seal are not judicial records.

Slawson contends the administrative record contains commercially sensitive and confidential business records which should be sealed. The only compelling reason Slawson cites for doing so is that making its business records public would adversely affect Slawson. Slawson offers little explanation as to how it would be adversely affected. Generally, the desire to maintain confidentiality is not enough to overcome the "long-standing presumption of public access to litigation in the courts." CAA Sports LLC. v. Dogra, No. 4:18-cv-01887, 2018 WL 6696622, at *1 (E.D. Mo. Dec. 20, 2018). Sealing may be appropriate when necessary to "shield victim identities, protect trade secrets, secure matters of national security, honor the rules of sovereign nations, and

3

conceal personal identifying information such as social security numbers or dates of birth." Id.; Howard v. Newrez, LLC, No. 4:21-CV-522, 2021 WL 2002998, at *2 (E.D. Mo. May 19, 2021). As the Seventh Circuit Court of Appeals has held, commercially sensitive information which underpins a judicial decision must be open to public inspection. Baxter, 297 F.3d at 545; FA ND Chev, LLC v. Kupper, No. 1:20-CV-00138, 2023 WL 4459605, at *4 (D.N.D. July 11, 2023) (refusing to seal commercially sensitive documents). The Seventh Circuit further noted that appellate records are presumptively public. Id. In this case the Court finds Slawson's vague references to pricing information, cost information, business negotiations, financial information and similar information are insufficient. Slawson contends a few of the documents amount to trade secrets but fails to explain how the documents meet that definition. Bald assertions of confidentiality or trade secret status fail. Id.

It appears much of what Slawson seeks to keep secret relates the economics of flaring versus capturing natural gas, a question which goes to the heart of this appeal. This question will likely need to be addressed in the Court's final ruling. The Court has no intention of issuing a final ruling which is not open to the public. Public access is the norm. Federal courts are public forums. A federal court reviewing the administrative findings of a federal agency related to mineral interests held in trust for Indian allottees ought not proceed in secret. The public has a right to know what this case is about.

The Court finds Slawson has not met its burden of demonstrating a compelling reason which overcomes the presumption of public access to judicial records. For the reasons set forth above, the motion for leave to file under seal (Doc. No. 15) is **DENIED**.

    **IT IS SO ORDERED.**

Dated this 29th day of February, 2024.

                                          */s/ Daniel L. Hovland*
                                          Daniel L. Hovland, District Judge
                                          United States District Court