# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Slawson Exploration Company, Inc. )<br>)<br>           Plaintiff, )<br>)<br>vs. )<br>)<br>Sonya Germann in her official capacity as )<br>State Director for the Bureau of Land )<br>Management Montana/Dakotas State Office,)<br>Loren Wickstrom in his official capacity as )<br>Field Manager for the Bureau of Land )<br>Management North Dakota Field Office, )<br>United States Bureau of Land Management, )<br>United States Department of the Interior, )<br>)<br>           Defendants. ) | **ORDER GRANTING DEFENDANTS'**<br>**MOTION FOR VOLUNTARY REMAND**<br><br>Case No. 1:23-cv-141 |

Before the Court is the Defendants' motion for voluntary remand filed on July 19, 2024. See Doc. No. 26. The Plaintiff filed a response in opposition to the motion on August 2, 2024. See Doc. No. 31. The Defendants filed a reply brief on August 9, 2024. See Doc. No. 32. For the reasons set forth below, the Defendants' motion is granted.

## I.    BACKGROUND

Slawson Exploration Company, Inc. ("Slawson") is a privately held corporation that is engaged in oil and gas production and exploration. The Jore Well is an oil well located in McKenzie County, North Dakota. On September 27, 2019, Slawson submitted a sundry notice to the Bureau of Land Management's ("BLM") North Dakota Field Office requesting royalty-free treatment of gas flared from the Jore Well from September 2014 through December 2016 ("the flaring period"). Slawson submitted an economic analysis ("2019 Economic Analysis") with the request.

1

On February 18, 2022, the North Dakota Field Office issued a decision ("2022 field office decision") determining that gas flared from the Jore Well during the flaring period was avoidably lost and denying Slawson's request for royalty-free flaring. On March 22, 2022, Slawson requested the State Director review the 2022 Field Office decision. Slawson submitted supplemental data in support of its request, which included a theoretical analysis of field-wide gas capture ("the First Fieldwide Economic Analysis"). The Acting State Director for the BLM Montana/Dakotas State Office issued a decision ("State Director decision") affirming the 2022 field office decision on April 20, 2022. On May 18, 2022, Slawson filed a notice of appeal with the Interior Board of Land Appeal ("IBLA"), an appellate review board within the Department of the Interior. On October 5, 2022, the BLM filed a motion with the IBLA requesting a remand of the State Director decision. The IBLA granted the motion. After the IBLA remanded the decision to the State Director, the State Director further remanded to the decision to the Field Office. On March 7, 2023, the Field Office issued a decision ("2023 Field Office decision") once again denying Slawson's request for royalty-free flaring. On March 23, 2023, Slawson sought the State Director's review of the 2023 Field Office decision. Slawson included another economic analysis ("the Second Fieldwide Economic Analysis") with its request. On June 16, 2023, the State Director issued a decision ("the challenged decision"), which affirmed the 2023 Field Office decision.

On July 28, 2023, Slawson brought this action seeking an order setting aside the challenged decision. See Doc. No. 1. Slawson also seeks a declaration that 1) the challenged decision is arbitrary, capricious, and contrary to law; and 2) the gas flared from the Jore Well was unavoidably lost and not subject to royalty. Id. The Defendants' counsel conferred with agency counsel and assessed the administrative record, the relevant statutes, regulations, and guidance. Based on review and discussions, the Defendants determined reconsideration of the challenged decision is appropriate to

allow the BLM to more fully consider Slawson's three economic analyses and to determine whether to approve Slawson's request for royalty-free treatment of the gas flared on the Jore Well from September 2014 through December 2016.

## II.   LEGAL DISCUSSION

The Defendants request the Court remand the challenged decision to the BLM for reconsideration. Specifically, the Defendants request a remand to allow the BLM to consider Slawson's economic analyses more fully to determine whether to approve Slawson's request for royalty-free treatment of the gas flared on the Jore Well from September 2014 through December 2016. Slawson argues the case should not be remanded because the BLM has repeatedly considered Slawson's application for royalty-free flaring and economic analyses.

Although neither party provided directly controlling authority regarding an agency's request for remand, both parties provided persuasive authority showing a long history of courts remanding challenged agency decisions under certain circumstances. "[W]hen an agency seeks a remand to take further action consistent with correct legal standards, courts should permit such a remand in the absence of apparent or clearly articulated countervailing reasons." Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta, 375 F.3d 412, 416 (6th Cir. 2004). A reviewing court has discretion over an administrative agency's request for voluntary remand. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). In *SKF USA Inc.,* the Federal Circuit held, "[an] agency may request a remand (without confessing error) in order to reconsider its previous position. It might argue, for example, that it wished to consider further the governing statute, or the procedures that were followed. It might simply state that it had doubts about the correctness of its decision or that decision's relationship to the agency's other policies." Id. See also Ohio Valley Env't Coal. v. Aracoma

3

Coal Co., 556 F.3d 177 (4th Cir. 2009) (concluding an agency is entitled to seek a voluntary remand to reconsider its previous position without admitting error); W.G.A. v. Sessions, 900 F.3d 957 (7th Cir. 2018) (allowing an agency to seek remand without confessing error when the agency provides a persuasive reason.) A remand may be refused when an "agency's request is frivolous or in bad faith." *SKF USA Inc.*, 254 F.3d at 1029. However, when an agency's "concern is substantial and legitimate, a remand is usually appropriate."

In this case, remand is warranted to permit the BLM to more fully consider Slawson's economic analyses and to reassess Slawson's request for royalty-free treatment of the gas flared on the Jore Well. Remand is the appropriate remedy to potentially satisfy Slawson's allegations of error because if the BLM on remand determines the economic analyses satisfy the requisite requirements and Slawson is entitled to royalty-free flaring during the relevant period, this action is moot. See Sierra Club v. Van Antwerp, 560 F. Supp. 2d 21 (D.D.C. 2008) (finding remand would serve the interest of allowing the agency to "cure its own potential mistake rather than needlessly wasting the Court's and the parties' resources.") Slawson alleges the BLM erroneously denied its request for royalty-free treatment of the gas flared on the Jore Well. See Doc. No. 1. Specifically, Slawson contends the challenged decision arbitrarily and capriciously rejected its economic analyses. Id. The Defendants seek a remand to more fully consider Slawson's economic analyses. Remanding this case to the BLM could cure the very defect Slawson alleges, which would render this action unnecessary.

The BLM's request for remand is not vague and unsupported, nor does it seek to bolster its reasons for denying Slawson's requests, as Slawson suggests. The BLM stated it is committed to more fully considering Slawson's economic analyses, specifying it will consider the original 2019 Economic Analysis, the First Fieldwide Economic Analysis, and the Second Fieldwide Economic Analysis. See Doc. No. 32, p. 4. Further, the BLM also stated it is committed to reassessing whether

to approve Slawson's request for royalty-free flaring. Id. The BLM seeks to cure Slawson's grievance regarding the challenged decision through remand. Accordingly, remanding the challenged decision to the BLM for reconsideration is appropriate in this case. The Court grants the Defendants' motion to remand.

### III.    CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and the relevant law. For the reasons set forth above, the Court **GRANTS** the Defendants' motion to remand (Doc. No. 26). The Court **ORDERS** this case be **REMANDED** to the Bureau of Land Management.

**IT IS SO ORDERED**.

Dated this 30th day of January, 2025.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court